UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARCIGA, for himself and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>DIAMOND ENVIRONMENTAL SERVICES, L.P., *et al.*,<br><br>              Defendants. | Civil No. 13cv1002 L (WMC)<br><br>**ORDER GRANTING MOTION FOR REMAND [doc. #7]** |

**1.     Background**

Plaintiff brought a putative class action complaint in the Superior Court of the State of California, in and for the County of San Diego alleging violations of California statutory provisions and common claims: failure to pay prevailing wages and overtime; failure to pay meal period premium pay; failure to pay rest break premium pay; violations of the UCL; and penalties under California Labor Code §2699. In that portion of his complaint concerning class allegations, plaintiff asserts that he and the class he seeks to represent are

> current and former employees who worked for defendants at and/or drove to and from various construction project subject to the California prevailing wage law ("PWL"), California Labor Code ("Labor Code") sections 1720-1813 *and/or* the Davis Bacon and Related Acts ("DBRA"), 40 U.S.C. sections 3141-3148 . . . .

(Comp. at ¶ 13 (emphasis added.))

Plaintiff's fourth cause of action for violation of California's UCL alleges that defendants violated the California Labor Code *and/or* the Davis Bacon and Related Acts. Based on this allegation, defendants filed a notice of removal on April 26, 2013, contending that the Court has jurisdiction based on one or more issues arising under a federal statute, thereby invoking the court's federal question jurisdiction. Defendants rely on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* to assert that federal jurisdiction exists because the allegations in the complaint implicate a substantial federal interest in seeking to recover, within a purported state law claim, wages under a federal statute. Defendants also invoke the Court's supplemental jurisdiction over plaintiff's remaining state law claims. 545 U.S. 308, 312 (2005).

Plaintiff moves to remand this action to the Superior Court of the State of California, in and for the County of San Diego contending the court lacks subject matter jurisdiction. The motion has been fully briefed and is considered on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).

**2.     Legal Standard**

The Court addresses the issue of subject matter jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-94 (1998) (quoting *Mansfield, C & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University*

*of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The Court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Generally speaking, a party may bring a case within the jurisdiction of the federal courts by demonstrating the existence of either: (1) diversity of citizenship, under 28 U.S.C. § 1332; or (2) a federal question, under 28 U.S.C. § 1331. Defendants removed this action based on federal question jurisdiction under 28 U.S.C. § 1331: federal courts have subject matter jurisdiction of "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.

**3.     Discussion**

As noted above, defendants contend that plaintiff's UCL cause of action is based on a violation of federal law – the DBRA – that would provide a federal remedy. The complaint does not allege a federal cause of action or seek federal remedies under the DRBA notwithstanding defendants' assertion to the contrary. Plaintiff specifically asserts in his complaint that he is bringing "no claims under federal law." (Comp. ¶13.) The five causes of action are based on California state statutes and only the UCL claim even mentions the DBRA. The DBRA functions as an alternative and independent predicate offense for the UCL claim.

The allegations in the Complaint make clear that federal law is not essential to the UCL claim. Although plaintiff alleges that defendants have violated the DBRA, he also alleges that the predicate violations for his UCL claim include violation of California prevailing wage law

and Labor Code. "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 346 (9th Cir. 1996). Accordingly, the Court finds that plaintiff has not alleged a federal cause of action by basing their UCL claim in part on defendants' alleged violation of the DBRA. Nor have defendants shown that there is a substantial, disputed question of federal law that is necessary to the resolution of plaintiffs' UCL claim.

Further, and as plaintiff correctly notes, there is no private right of action for a federal claim under the DBRA. *See Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting*, 135 F.3d 671, 676 (9th Cir. 1998). The DBRA therefore cannot implicate a substantial federal interest. *Utley v. Varian Associates, Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987)("if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question.").

Because the Court does not have subject matter jurisdiction over this case, plaintiffs' motion for remand is **GRANTED**. The Clerk of the Court shall return this action to the Superior Court of the State of California, in and for the County of San Diego.

**IT IS SO ORDERED.**

DATED: January 3, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL